DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/8/09

FOT, MAG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANDREW VAN ETTEN, individually and on
behalf of others similarly situated,

                    Plaintiff,

- against -                        09-CV-1071 (RJS-KNF)

MITSUI & COMPANY (U.S.A.), INC. and
MITSUI & COMPANY, LIMITED OF TOKYO,

                    Defendants.
-----------------------------------------------------------x

## STIPULATION AND ORDER GOVERNING
## THE TREATMENT OF CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff Andrew Van Etten and defendant Mitsui & Co. (U.S.A.), Inc. ("Mitsui USA") (collectively, the "Parties"), through their respective counsel, that this Stipulation and Order governs the use and handling of documents, exhibits, deposition testimony, video and audio tapes and other information and documentation, including all copies, excerpts and summaries thereof (collectively, "Material"), produced by any Party to another Party in connection with the above-referenced lawsuit and any judicial proceeding directly related thereto, including any appeals and/or rehearings. Any Party may designate as "Confidential" any Material which it produces in response to document requests or interrogatories served in this proceeding, or other discovery obligations herein, when such Party in good faith believes that the Material contains sensitive financial, personal, medical, commercial or proprietary business information relating to such Party, and/or Mitsui USA's parent or current or former employees, the public disclosure of which may have an adverse effect on the personal, financial, commercial or business reputation of such Party or Mitsui USA's current or former employees ("Confidential Material").

DB1/62881791.3

2.  Confidential Material shall be subject to the following restrictions:

(a)  Confidential Material shall be used only for the purpose of this proceeding (including appeals, if any), and not for any other purpose whatsoever except upon written consent of the designating Party or upon order of the Court, and shall not be given, shown, made available or communicated in any way to anyone except for the purposes permitted under this paragraph, as set forth in subparagraph (b) below.

(b)  Confidential Material shall be disclosed, for the purposes set forth above, only to:

(i)  the Parties, counsel of record and other counsel for the Parties in this litigation and such employees, experts, contractors, vendors, agents, translators and consultants working with counsel, if any, in connection with this litigation; and

(ii)  the litigation forums in which such proceeding may proceed (including the Court, court reporters, stenographic reporters); and

(iii)  witnesses and/or potential witnesses whom the Parties reasonably believe to be relevant to the case, including consultants, consulting experts and expert witnesses, in preparation for or in pre-trial or trial proceedings relating to this litigation.

(c)  The Parties will seek confidential protection from the Court for any Confidential Material used in or disclosed at trial proceedings unless counsel for the Party producing the Confidential Material has been given two business days notice of the disclosure and has stated in writing that it has no objection to the disclosure.

(d)  Notwithstanding any of the foregoing provisions, any Party may disclose Confidential Material produced by it to any other individual or entity, without waiving such confidential designation.

3. Each person, other than counsel for a Party and their employees, given access to Confidential Material pursuant to the terms Paragraph 2(b) (a "Non-party") shall be advised that (a) Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof; and (b) that the violation of the terms of this Order (by use of the Confidential Material in any impermissible manner) may constitute a violation of a Court order. Before a Non-party is given access to Confidential Material, he/she must sign a document maintained by counsel who discloses the Confidential Material, stating: "I have been told that there is a Confidentiality Stipulation in effect in this matter and that these documents are confidential. I agree that I will not divulge the contents of any document marked 'Confidential' to anyone and that I will be bound by the terms of the Confidentiality Stipulation." Each Party and its respective counsel agree to immediately notify counsel for the other Party if it obtains knowledge that a Non-party is about to disclose, or has disclosed, Confidential Material to persons who have not agreed to be bound by the provisions of this Order.

4. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production.

(b) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or within two weeks after such deposition has been transcribed. When designation of Confidential Material has been made during the course of a deposition, the reporter attending such deposition shall thereafter bind the transcript thereof in separate portions containing the non-confidential Material and Confidential Material, and the reporter shall place the appropriate legend on the cover of the Confidential portions of

3

the transcript if requested to do so by the Party making such statement. The signatories to this Stipulation and Order may modify this procedure for any particular deposition through agreement on the record at such deposition or within a reasonable time after the conclusion thereof, without a further Order of the Court.

    5.    (a)    A Party may at any time, on reasonable notice not less than two business days, move for (i) modification of this Stipulation and Order or (ii) relief from the provisions of this Stipulation and Order with respect to specific Material (subject to the terms of paragraph 5(b), below).

    (b)    The Party receiving the Confidential Material shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time of production, and failure to do so shall not preclude a subsequent challenge thereof. If the Party receiving the Confidential Material challenges such designation, it shall send or give notice to counsel for the other Party(ies), and counsel for the Parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, any Party may, on reasonable notice not less than two business days, apply for appropriate ruling(s) from the Court. In the event of such application, the burden will be on the proponent of confidentiality to satisfy the standards for a protective order set out in the Federal Rules of Civil Procedure and applicable caselaw.

    6.    Any reproductions, summaries, or abstracts of Confidential Material, or documents prepared that include Confidential Material, shall be treated in the same manner as the originals.

    7.    (a)    This Stipulation and Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this litigation. At the conclusion of this litigation, each Party shall return promptly to its own

4

counsel all Confidential Material. Similarly, a Non-party who has agreed in writing to be bound by this Stipulation and Order shall promptly return to the counsel who provided such Confidential Material for the Non-party's review all such Confidential Material in the Non-party's possession.

(b) Within sixty (60) days after final termination of this action, including all appeals, each Party shall either (a) return all Confidential Material to the producing Party (including any copies, extracts or summaries thereof or documents containing information taken therefrom, but excluding any materials which in the judgment of counsel reflect the work product of the recipient); or (b) destroy all such material and deliver to the producing Party a letter certifying that such destruction of Confidential Material has occurred. Counsel for the Parties may retain any Confidential Material in their office files, but shall otherwise be bound by the terms of this Stipulation and Order.

(c) Notwithstanding the return and/or destruction of any Confidential Material, the parties shall be bound by the terms of this Stipulation and Order.

8. It is expressly recognized that inadvertent production by any Party of privileged or arguably privileged matters shall not be deemed to be either: (a) a general waiver of the attorney-client privilege, the work product doctrine, the physician-patient privilege, or any other recognized privilege; or (b) a specific waiver of any such privilege with respect to documents being produced or the testimony given. Notice of any claim of privilege or work product protection as to any document claimed to have been produced inadvertently shall be given within a reasonable period of time after discovery of the inadvertent production, and, on request by the producing Party, all inadvertently produced Material as to which a claim of privilege or work product protection is asserted and any copies thereof shall be returned promptly. The Parties

recognize that the protection under this paragraph is greater than that provided for under Fed. R. Civ. P. 26(b)(5)(B) and consistent with Fed. R. Evid. 502.

9. No Waiver of Discovery Rights. Entering into, agreeing to or otherwise complying with the terms of this Stipulation and Order shall not: (a) prejudice in any way the rights of any designating Party or person to object to any discovery requests that seek information or documents that it considers not subject to discovery; (b) prejudice in any way the rights of a Party to seek a determination from the Court that particular discovery materials should be produced; (c) prejudice in any way the rights of a designating Party or person to apply to the Court for a protective order; or (d) object to the introduction into evidence of any documents or information for any reason.

10. This Stipulation and Order may be executed in two or more counterparts, all of which shall be considered the same as if a single document shall have been executed, but shall become effective when such counterparts have been signed by each of the Parties' counsel hereto and delivered to the undersigned representatives of each of the Parties. For purposes of the execution of this Stipulation and Order, faxed signatures shall be deemed to have the same effect as an original signature.

11.  This Stipulation and Order shall be governed by New York law.

Respectfully submitted,

| THOMPSON WIGDOR & GILLY LLP | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|

By /s/ Kenneth P. Thompson
Kenneth P. Thompson
Renan Varghese
85 Fifth Avenue, 5th Floor
New York, N.Y. 10003
212.257.6800

*Attorneys for Plaintiff*

Dated: June 4, 2009

By /s/ Edward Cerasia II
Edward Cerasia II
August W. Heckman III
101 Park Avenue
New York, N.Y. 10178
212.309.6000

MORGAN, LEWIS & BOCKIUS LLP
Michael L. Banks
Justin O. Reliford
1701 Market Street
Philadelphia, PA 19103
215.963.5000

CURLEY & MULLEN, LLP

By /s/ Michael A. Curley
Michael A. Curley
5 Penn Center Plaza, 23rd Floor
New York, N.Y. 10001
646.378.2231

*Attorneys for Defendant*
Mitsui & Co. (U.S.A.), Inc.

Dated: June 4, 2009


SO ORDERED:

Dated: New York, New York
July ~~June 8~~, 2009

/s/ Kevin Nathaniel Fox
The Honorable Kevin N. Fox
United States Magistrate Judge

7