UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANDREW VAN ETTEN,                                   :
individually and on behalf of others
similarly situated,                                 :
                              Plaintiff,
                                                    :    **MEMORANDUM and ORDER**
          -against-
                                                    :    09 Civ. 1071 (RJS)(KNF)
MITSUI & COMPANY (U.S.A.), INC., ET AL.,
                                                    :
                              Defendants.
-----------------------------------------------------------------x

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

   In this action, Andrew Van Etten ("Van Etten" or "the plaintiff"), alleges, inter alia, Mitsui

& Company (U.S.A.), Inc. and Mitsui & Company, Limited of Tokyo (collectively "Mitsui"),

terminated his employment wrongfully, based upon his race and age. Van Etten contends Mitsui

conducted an audit of his business expenses and reimbursement records for 2001-2006, discovered

"unreconciled corporate expenses," and terminated his employment on that basis. Van Etten

denies he "received any undue reimbursements" and asserts "no Japanese/Asian rotational

employee has even been reprimanded" for having "unreconciled corporate expenses."

   By a letter, dated December 15, 2009, the plaintiff moves for an order quashing subpoenas

issued by Mitsui, on Citigroup and Home Savings of America. Copies of the subpoenas reveal

Mitsui requested:

  1.  Any and all documents concerning any checking and/or savings account held
     by Andrew Van Etten (SS No.[]), whether independently or jointly held with
     another individual, from September 1999 through August 2006, including but
     not limited to: applications; account statements; and documents reflecting
     deposits, transfers, and withdrawals.

2. Any and all documents concerning any debit card(s) issued to Andrew Van Etten (SS No.[]) Associated with a checking and/or savings account that he held with you, from September 1999 through August 2006, including but not limited to: applications; correspondence; notes; and statements reflecting charges, credits, and payments.

The plaintiff asserts that the subpoenas are "grossly overbroad, seek the disclosure of confidential information and have been issued solely for the purpose of harassing [the plaintiff] and his wife, a non-party in this case." In opposition, Mitsui contends that the plaintiff's personal banking records are relevant to discovering facts showing a legitimate basis for terminating the plaintiff's employment existed. More specifically, Mitsui asserts that:

after a routine audit of expense reports by the [Mitsui] accounting department . . . and a subsequent investigation[, it was revealed that], at least between 1999 and 2006, Mr. Van Etten had on numerous occasions misappropriated money by deliberately falsifying his expense reports, submitting double receipts or receipts for expenses not even incurred, and altered receipts from business trips, as well as used credits on his Mitsui USA corporate card to offset personal expenses and thereby further misappropriate funds and defraud Mitsui USA.

Mitsui notes that an earlier subpoena had been served on JP Morgan Chase ("Chase"), for the plaintiff's "MasterCard statements," which "uncover[ed] additional evidence of his fraudulent expense reports," examples of which were provided.

The Federal Rules of Civil Procedure make clear that discovery is limited to any matter, not privileged, which is relevant to the claim or defense of any party in the action or appears reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26 (b)(1). Whether Van Etten utilized his personal bank accounts to reimburse Matsui for charges made to Van Etten's "corporate card," is relevant to: (a) the plaintiff's allegation, that he used his personal accounts to pay for certain expenses on his corporate account; and (b) Mitsui's defense, that Van Etten's employment was terminated for good cause. Thus, a "legitimate need" for Van

Etten's personal financial records has been shown, and a "good faith basis" for disclosing this material exists. Catskill Dev., L.L.C. v. Park Place Entertainment Corp., 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (denying a motion to quash a subpoena because "no legitimate need" for bank-account information, and "no good faith basis for extending discovery to . . . personal banking records" existed).

The Court also finds that the subpoenas at issue do not place an "undue burden" on the recipients and are not overly broad. See Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996) ("Whether a subpoena imposes upon a witness an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."). The subpoenas request "applications; account statements; and documents reflecting deposits, transfers, and withdrawals" made on Van Etten's Citigroup and Home Savings of America checking and savings account(s), as well as "applications; correspondence; notes; and statements reflecting charges, credits, and payments" made on his Citigroup and Home Savings of America debit account(s), for the period September 1999, through August 2006. The period is reasonable and appropriate, since it reflects the time span of Mitsui's audit, which resulted in the determination that Van Etten's corporate account was misused and that his employment should be terminated. Furthermore, the scope of the request for documents made to Citigroup and Home Savings of America is reasonably tailored to allow Mitsui to acquire information relevant and essential to its defense, and to Van Etten's assertion that he used his personal accounts to reimburse his Mitsui corporate account.

Therefore, IT IS HEREBY ORDERED, that the plaintiff's request, to quash Mitsui's

subpoenas to Citigroup and Home Savings of America, is denied.

Dated: New York, New York        SO ORDERED:
       January 11, 2010

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE